IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**FRANCISCO JAVIER LOPEZ RICO,**

      **Petitioner,**

**v.**                                                                   **No. 2:26-cv-039-DHU-KK**

**FNU LNU, ICE Director of El Paso Field Office;
TODD LYONS, Acting ICE Director; KRISTI
NOEM, DHS Secretary; PAMELA BONDI, U.S.
Attorney General; and DORA CASTRO, Warden
of Otero County Processing Center,**

      **Respondents.**


**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

      **THIS MATTER** is before the Court on Petitioner Francisco Javier Lopez Rico's Petition

for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner alleges that he has been unlawfully

detained without the opportunity for a bond hearing, in violation of the Immigration and

Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.[1] *Id.* at 12-14.

Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** the

Petition and orders Respondents to provide Petitioner with a bond hearing before an Immigration

Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

---

[1] Petitioner also alleges that Respondents have unlawfully detained him in violation of their own regulations, and that he is a class member entitled to a bond hearing pursuant to the final judgment entered in the class action suit, *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Doc. 1 at ¶¶ 36-42, 60-61. However, because the Court grants Petitioner's Petition on his INA and Due Process claims, the Court "decline[s] to address the[se] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

## I.    BACKGROUND

Petitioner is a citizen of Mexico who has resided in the U.S. since at least 2001. Doc. 1 at ¶¶ 49-50. In May 2013, Petitioner was granted Deferred Action for Childhood Arrivals ("DACA") by United States Citizenship and Immigration Services ("USCIS") until May 2015. Doc. 7-2 at 2. In October 2016, Petitioner filed a DACA renewal request, which USCIS granted until September 2018. *Id.*

On January 12, 2024, Petitioner was arrested by the Indianapolis Metropolitan Police Department for strangulation, criminal confinement, intimidation, domestic battery, and battery resulting in bodily injury. *Id.* According to the police report, Petitioner squeezed his wife's neck with his hands, pinned her to the floor, head butted her, and threatened to kill her if he found her cheating on him. *Id.* On January 16, 2024, Petitioner was arrested by Indianapolis ICE, served a Notice to Appear, and released on an order of recognizance pending removal proceedings. *Id.*

On September 13, 2025, Petitioner was again arrested, this time by Indiana State Police for driving while intoxicated (DWI). *Id.* at 3. Two days later, Petitioner was turned over to ICE pursuant to a detainer lodged with the Marion County Sheriff's Department after he was released on an order of recognizance pending his DWI charge. *Id.* at 2.

Petitioner is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at ¶¶ 1, 3. On January 9, 2026, Petitioner filed the Petition, asking the Court to:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner not be transferred outside of this District;

(3) Declare that Petitioner's detention is unlawful;

(4) Issue a Writ of Habeas Corpus ordering Respondents to immediately release him from custody;

(5) Award him his attorney's fees and costs; and

(6) Grant him any further relief this Court deems just and proper.

*Id.* at 15.

On January 29, 2026, Respondents filed their response to the Petition, arguing that "[u]nder the plain language of Section 1225(b)(2), DHS is required to detain all noncitizens, like Petitioner, who are present in the United States without admission and are subject to removal proceedings—regardless of how long the noncitizen has been in the United States or how far from the border they ventured." Doc. 7 at 11. On the same day of Respondents' response, an IJ denied Petitioner's request for a custody redetermination pursuant to 8 C.F.R. § 1236 on the basis that it lacked jurisdiction. Doc. 7-1 at 1.

## II.    LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.    DISCUSSION

This case is not the first of its kind in this Court. In fact, the Court has already considered the statutory and constitutional issues raised by Petitioner in *Requejo Roman v. Castro*, --F. Supp.

3d--, 2026 WL 125681 (D.N.M. 2026), and *Velasquez Salazar v. Dedos*, --F. Supp. 3d--, 2025 WL 2676729 (D.N.M. 2025). The facts here are not materially different than those the Court analyzed in *Requejo Roman* and *Salazar.* Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Petitioner, who entered the country without inspection twenty-five years ago and has resided here ever since, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, see *Requejo Roman*.

## IV.   CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing **on or before April 3, 2026, 2026**, he shall be immediately released. At the bond hearing, the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based

solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court **no later than April 6, 2026**, confirming whether a bond hearing was held and the result of said hearing.

As for Petitioner's request to recover costs of suit, Petitioner may submit an application for such costs within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE